**1411-CC00149**

IN THE CIRCUIT COURT OF THE COUNTY OF ST. CHARLES
STATE OF MISSOURI

| | |
|---|---|
| MARLA RYAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No.: |
| ) | |
| AMERISTAR CASINO ST. CHARLES, INC., ) | |
| ) | Division: |
| SERVE REGISTERED AGENT: ) | |
| Troy Stremming ) | Count I – Title VII Violation |
| 3200 N. Ameristar Drive ) | Count II – MHRA Violation |
| Kansas City, MO 64161 ) | Count III – 290.140 Violation |
| ) | |
| SERVICE TO BE MADE BY SHERIFF OF ) | |
| JACKSON COUNTY ) | |
| Defendant. ) | Jury Trial Demanded |

## PETITION

COMES NOW Plaintiff and, for her cause of action against Defendant, states and alleges as follows:

1. Plaintiff Marla Ryan is an individual and is now, and at all times mentioned in this Petition, a resident of St. Charles County, Missouri.

2. Defendant is a corporation duly organized under the law with its principal place of business located in St. Charles County, Missouri.

3. Venue is proper in St. Charles County, Missouri because all of the acts and events which are the subject of this action occurred in St. Charles County, Missouri.

4. All conditions precedent to jurisdiction under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Sections 2000e et seq., and the Missouri Human Rights Act have occurred or have been met. Plaintiff timely filed a Charge of Discrimination and a true and

correct copy of plaintiff's Notice of Right to Sue issued by the EEOC to the plaintiff is attached hereto as Exhibit 1.

5. Plaintiff was employed by Defendant beginning September 5, 1995 and ending on July 5, 2013.

6. At all relevant times herein, Defendant is an employer within the meaning of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Sections 2000e et seq.

## COUNT I – VIOLATION OF TITLE VII

7. Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs of the Petition as though set forth at length herein.

8. This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Sections 2000e et seq., and 42 U.S.C. Section 1981A, for relief based upon the unlawful employment practices of the above-named Defendant. Specifically, Plaintiff complains of Defendant's violation of Title VII's prohibition against discrimination in employment based, in whole or in part, upon an employee's gender.

9. During her employment with Defendant, Plaintiff was a member of a class protected under Title VII against gender based discrimination by her employer or by its supervisory personnel.

10. As set forth herein, as a result of the investigation out of which the allegations against Plaintiff arose, Defendant terminated the employment of Plaintiff.

11. As set forth herein, during the course of its investigation, Defendant discovered that Plaintiff's ex-husband posted copies of personal Facebook messages between Plaintiff and

Joseph Schmidt on or about June 23, 2013. Said messages were seen on Facebook by other employees of Defendant.

12. At the time the messages were originally sent, Joseph Schmidt was an employee of Defendant who was on military leave. At the time of Plaintiff's termination, Joseph Schmidt's title was Dual Rate Floor Supervisor, whose duties included supervising personnel.

13. The messages were of a personal and sexual nature.

14. In June 2013, Plaintiff's title was Dual Lead Casino Supervisor.

15. As a result of the investigation, Defendant determined that individuals subordinate to Plaintiff would not trust or respect Plaintiff as a leader in the department, and terminated Plaintiff based on Defendant's Code of Conduct policy.

16. Joseph Schmidt, as a male employee with supervisory duties, received no disciplinary action as a result of the same incident and behavior involving Plaintiff.

17. Plaintiff, as a female employee of Defendant, was therefore treated in a disparate manner and was subjected to Defendant's unfair policies and practices insofar as that she was treated in an unequal manner and unlike male employees similarly situated with the Defendant.

18. Said unfair practices both limited Plaintiff in her wages and other benefits because of his gender, female, and further resulted in her discharge from employment on or about July 5, 2013.

19. Defendant further denied Plaintiff equal employment opportunities because of her gender, female, to wit:

   a. The reason given for Plaintiff's discharge was a mere pretext for unlawful discrimination in that Defendant knew or should have known that the alleged misconduct is not

addressed in the Code of Conduct policy and that in other situations involving similarly situated male supervisors and nonconsensual sexual behavior (sexual harassment), the male supervisors were not terminated;

  b. The Defendant did not discipline or discharge a similarly situated male employee with supervisory duties, Joseph Schmidt, in that said employee was a participant in the same conversation and exhibited the same behavior as Plaintiff;

  c. Upon information and belief, other male supervisors involved in infractions of a sexual nature including sexual harassment did not receive terminations, but a lesser punishment under the coaching guidelines.

  20. At all relevant times, Defendant knew that the discriminatory conduct complained of herein was without cause as Plaintiff had consistently satisfied and/or exceeded all of the requirements of her position, and had never had any other incidents in which disciplinary action was taken pursuant to the Defendant's Coaching Policy.

  21. As a result of Defendant's employment policies, procedures and practices, Plaintiff was unjustly and discriminatorily deprived of equal employment opportunities because of her gender, female.

  22. As a result of Defendant's above stated actions, Plaintiff has been, is being, and will be deprived of income in the form of wages and prospective retirement benefits, and other benefits, promotion opportunities and job assignments due to her as an employee, and denied because of her gender in an amount to be proven at trial.

  23. Defendant's conduct was a direct and proximate cause of the injuries, damages and harm suffered by Plaintiff.

24. Defendant intentionally and/or with reckless indifference engaged in the above stated discriminatory practices against Plaintiff, contrary to Plaintiff's federally protected rights as guaranteed to her under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section(s) 2000e et seq., as amended, and 42 U.S.C. Section 1981.

25. The intentional and discriminatory conduct of Defendant complained of herein was willful, wanton, deliberate, malicious, egregious and outrageous warranting the imposition of punitive/exemplary damages which will serve as an example and deterrent to Defendant and others who would commit similar illegal acts.

26. As Defendant engaged in discriminatory employment practices with malice or with reckless indifference to Plaintiff's federally protected rights, Plaintiff is entitled to punitive/exemplary damages in addition to compensatory damages and other remedies available under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section(s) 2000e et seq., as amended, and 42 U.S.C. Section 1981.

27. As a result of Defendant's conduct and actions, Plaintiff suffered lost wages and benefits of employment.

28. As a result of Defendant's conduct and actions, Plaintiff suffered emotional distress and mental anguish.

29. As a result of Defendant's conduct and actions, Plaintiff has incurred attorney fees and costs of litigation, and will continue to incur such fees and costs.

WHEREFORE, Plaintiff prays this Court, after trial by jury, find in favor of Plaintiff and against Defendant, and enter judgment for Plaintiff in an amount in excess of $25,000 for Plaintiff's lost wages and benefits of employment, and pre-judgment interest thereupon; for

Plaintiff's emotional distress; for punitive damages; for costs of litigation and attorney fees; and award to Plaintiff such other and further relief this Court deems just and proper.

## COUNT II – VIOLATION OF THE MISSOURI HUMAN RIGHTS ACT

30. The Missouri Human Rights Act ("MHRA"), as codified in Chapter 213, RSMo., prohibits unlawful, discriminatory employment practices.

31. Plaintiff is a woman.

32. Plaintiff is a member of a category of persons protected from unlawful discrimination under the MHRA, Sections 213.010(5).

33. The violation of the MHRA took place primarily at #1 Ameristar Blvd., St. Charles, MO 63303.

34. At all times relevant herein, Defendant is an employer within the meaning of the MHRA, Section 213.010, RSMo.

35. Defendant subjected Plaintiff to sex discrimination in violation of the MHRA, Section 213.055, RSMo., by engaging in one or more of the following actions:

    (a) Changing its policies and practices regarding its coaching policy for disciplinary action; and

    (b) Terminating Plaintiff.

36. Plaintiff's sex was a contributing factor in Defendant's decision to engage in the conduct described in paragraph 35 above.

37. As a result of Defendant's conduct and actions, Plaintiff was subjected to disparate treatment than male employees similarly situated.

38. As a result of Defendant's conduct and actions, Plaintiff suffered lost wages and benefits of employment.

39. As a result of Defendant's conduct and actions, Plaintiff suffered emotional distress and mental anguish.

40. As a result of Defendant's conduct and actions, Plaintiff has incurred attorney fees and costs of litigation, and will continue to incur such fees and costs.

41. Defendant's conduct was outrageous because of Defendant's evil motive or reckless indifference to Plaintiff's rights to not be subjected to discrimination and Defendant's outrageous conduct warrants an award of punitive damages to deter Defendant and others from engaging in such conduct in the future.

WHEREFORE, Plaintiff prays this Court, after trial by jury, find in favor of Plaintiff and against Defendant, and enter judgment for Plaintiff in an amount in excess of $25,000 for Plaintiff's lost wages and benefits of employment, and pre-judgment interest thereupon; for Plaintiff's emotional distress; for punitive damages; for costs of litigation and attorney fees; and award to Plaintiff such other and further relief this Court deems just and proper.

## COUNT III – VIOLATION OF MISSOURI REVISED STATUTE 290.140

42. Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs of the Petition as though set forth at length herein.

43. On or about November 9, 2013, Plaintiff sent a written letter to Defendant by certified mail pursuant to R.S.Mo. 290.140 requesting Defendant to set forth the nature and character of her service, the duration thereof, and truly stating the cause for which she was discharged. (Exhibit 2)

44. Defendant received the certified letter on November 18, 2013. (Exhibit 3).

45. Pursuant to the statute, Defendant was required to respond to Plaintiff's request within forty-five days.

46. To date, Defendant has failed to respond to Plaintiff's request.

47. As a result of Defendant's failure to issue the requested letter, Defendant is liable for nominal and punitive damages.

WHEREFORE, Plaintiff prays this Court, after trial by jury, find in favor of Plaintiff and against Defendant, and enter judgment for Plaintiff in an amount in excess of $25,000 for Plaintiff's nominal and punitive damages; for costs of litigation and attorney fees; and award to Plaintiff such other and further relief this Court deems just and proper.

/s/ James E. Klenc
James E. Klenc #48738
Law Offices of James E. Klenc LLC
967 Gardenview Office Parkway
Suite 2
St. Louis, MO 63141
(314) 475-3112
(314) 774-1437 fax
jek@klenclaw.com
Attorney for Plaintiff