UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARLA RYAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:14CV488 RLW |
| | ) |
| AMERISTAR CASINO ST. CHARLES, INC., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion for Voluntary Dismissal of Count I and Motion for Remand filed on October 27, 2014 (ECF No. 17). Also pending is Defendant's Motion to Compel filed on October 15, 2014 (ECF No. 15). With regard to Plaintiff's motion to dismiss, Defendant filed a Memorandum in Opposition on November 6, 2014. Plaintiff did not file a reply, and the time for doing so has expired. Plaintiff filed a Memorandum in Opposition to Defendant's Motion to Compel on November 6, 2014. The time for Defendant to file its reply memorandum has also expired. Thus, the Court finds the motions fully briefed and ready for disposition. Based upon the memoranda and responses thereto, the Court will grant Plaintiff's Motion for Voluntary Dismissal of Count I and Motion for Remand and deny as moot Defendant's Motion to Compel.

### Background

Plaintiff initially filed an employment discrimination Petition in the Circuit Court of St. Charles County, alleging violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.*; the Missouri Human Rights Act, Mo. Rev. Stat. Chapter 213; and Mo. Rev. Stat. § 290.140. Plaintiff generally asserts that she was employed by Defendant Ameristar

Casino from September 5, 1995 through July 5, 2013. Her most recent position was as Dual Lead Casino Supervisor. She alleges that Defendant learned of Facebook messages that were of a personal and sexual nature between Plaintiff and Joseph Schmidt, another employee of Defendant. Defendant terminated Plaintiff but not Mr. Schmidt. Plaintiff alleges that as a female employee, she received disparate treatment compared to similarly situated male employees.

The Defendant removed the case to federal court on March 17, 2014 based on a federal question. On October 27, 2014, Plaintiff filed a Motion for Voluntary Dismissal of Count I and Motion for Remand, requesting that this Court dismiss her federal claim under Title VII and remand the remaining two state law claims to the Circuit Court of St. Charles County, Missouri. Defendant argues that the Court should deny Plaintiff's motion because she has provided an insufficient explanation for dismissal and because dismissal would unfairly prejudice Defendant and result in a waste of judicial resources.

## Discussion

Under Fed. R. Civ. P. 41(a)(2), "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Plaintiff contends that she seeks dismissal with prejudice, such that Defendant is assured that she will not refile the federal claim. Further, Plaintiff asserts that Defendant will not be prejudiced because it can apply the information gathered thus far to the state action. Defendant, however, argues that it has expended considerable time, effort, and expense preparing its defenses and that Plaintiff has no legitimate basis for dismissing her federal claim. Instead, Defendant maintains that Plaintiff is merely trying to delay the prosecution of her case, seek a more favorable court forum, and avoid an adverse ruling on Defendant's Motion to Compel.

The Court has discretion in deciding whether to allow a party to voluntarily dismiss a case. *Hamm v. Rhone-Poulenc Rorer Pharm., Inc.*, 187 F.3d 941, 950 (8th Cir. 1999). In determining whether to allow a voluntary dismissal, courts consider the following factors: "'whether the party has presented a proper explanation for its desire to dismiss; whether a dismissal would result in a waste of judicial time and effort; and whether a dismissal will prejudice the defendants.'" *Retz v. Seaton*, 741 F.3d 913, 917 (8th Cir. 2014) (quoting *Hamm*, 187 F.3d at 950). However, "a party is not permitted to dismiss merely to escape an adverse decision nor to seek a more favorable forum." *Hamm*, 187 F.3d at 150 (citations omitted).

In the instant case, the Court will allow Plaintiff's voluntary dismissal. As presented by Plaintiff, she seeks dismissal with prejudice, precluding her from refiling the federal claim. She seeks to pursue only the state law claims presented in Counts II and III. Further, and more importantly, this case has not progressed to the level of wasted judicial time and effort or prejudice to the Defendant. The case has only been pending since March of this year, and the case was recently reassigned to the undersigned United States District Judge. Further, under the the Case Management Order issued in May, discovery is still ongoing; the dispositive motion deadline has not passed; and the trial date is set for August, 2015, nearly a year from now.

While the Defendant argues that it has already expended much time, effort, and money in defending this case, Defendant's efforts are confined to removal, filing a motion to compel, and responding to Plaintiff's motion for voluntary dismissal. The parties have yet to complete discovery, no dispositive motions have been filed, and the trial setting is next year. Thus, the Court finds that Defendant "has not been required to expend time and expense with respect of dispositive motion or trial" and has not shown prejudice precluding voluntary dismissal. *Mason v. Sailormen Inc.*, No. 4:11-CV-637 CAS, 2012 WL 1957413, at *4 (E.D. Mo. May 31, 2012);

*but see Davis v. Bemiston-Carondelet Corp.*, No. 4:05CV941 DDN, 2006 WL 1722277, at *2 (E.D. Mo. June 20, 2006) (denying plaintiff's motion to dismiss where the parties spent time preparing the case, the case had been pending for a year, and plaintiff was likely to re-file the claims which could make the case again removable to federal court). Therefore, the Court will grant Plaintiff's Motion for Voluntary Dismissal.

Plaintiff also requests that this Court remand the case to state court because the Court no longer has original jurisdiction. Plaintiff suggests that the Court, in its discretion, should decline to exercise supplemental jurisdiction over the pendent state law claims. Pursuant to 28 U.S.C. § 1367(c)(3), "[t]he district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . (3) the district court has dismissed all claims over which it has original jurisdiction." "A district court's decision whether to exercise that jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009). Further, where all federal law claims are dismissed before trial, "'the balance of factors to be considered under the pendent jurisdiction doctrine – judicial economy, convenience, fairness, and comity – will point toward declining to exercise jurisdiction over the remaining state-law claims.'" *Augustine v. Bank of America, N.A.*, No. 4:11CV2251 CDP, 2012 WL 1379654, at *6 (E.D. Mo. April 20, 2012) (quoting *Barstad v. Murray Cnty.*, 420 F.3d 880, 888 (8th Cir. 2005)).

Here, the remaining two claims are under Missouri state statute. The undersigned finds that the state court is better suited to rule on these issues and declines to exercise its supplemental jurisdiction over the remaining state law claims. *Myers v. Sander*, No. 4:13CV2192 CDP, 2014 WL 1303647, at *4 (E.D. Mo. April 1, 2014); *I.S. v. Washington Univ.*, No. 4:11CV235 SNLJ, 2011 WL 2433585, at *5 (E.D. Mo. June 14, 2011). Thus, the Court will

remand the remaining claims to the Circuit Court of St. Charles, Missouri, from where it was initially removed.[1]

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Voluntary Dismissal of Count I and Motion for Remand (ECF No. 17) is **GRANTED**.

**IT IS FURTHER ORDERED** that this matter is remanded to the Circuit Court for St. Charles County, Missouri.

**IT IS FURTHER ORDERED** that Defendant's Motion to Compel (ECF No. 15) is **DENIED** as **MOOT**.

**IT IS FINALLY ORDERED** that Plaintiff's Motion Requesting an Extension of the Designation of Neutral/ADR Conference (ECF No. 22) is **DENIED** as **MOOT**.

Dated this 21st Day of November, 2014.

*Ronnie L. White*
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE

---

[1] Defendant requests costs and attorney's fees, should the Court grant Plaintiff's motions. The Court will deny this request. The parties may use the discovery conducted so far in the state court action, and, as demonstrated in Plaintiff's response to the Motion to Compel, Plaintiff is willing to withdraw some of the objections to the discovery sought in the motion. (Pl.'s Mem. in Opp'n to Def.'s Mot. to Compel, ECF No. 20)